**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NATHANAEL ALEXIS QUEZADA REGALADO,

Petitioner,

v.

MELISSA ORTIZ, in her official capacity as Warden of Torrance County Detention Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

Case No. 1:26-cv-03453-MIS-SCY

**ORDER GRANTING RESPONDENTS' FIRST MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Nathanael Alexis Quezada Regalado's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 15, 2026. Petitioner argued that his detention without pre-deprivation notice and a bond hearing violated his Fifth Amendment right to due process. Id. at 5. He sought immediate release from detention. Id. at 19.

On October 15, 2026, the Court issued an Order to Show Cause and Enjoining Transfer instructing Respondents to answer and show cause why the Court should not grant Petitioner

habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." Id.

On October 19, 2026, the federal Respondents filed a "First Motion to Dismiss" the Petition. ECF No. 6.[1] Respondents state that on October 13, 2026, an Immigration Judge granted Petitioner's request for pre-conclusion voluntary departure. Id. at 2 & Ex. A. Respondents state further that on October 17, 2026, Petitioner departed the United States to Mexico. Id. at 2 & Ex. B.

Thus, having departed, Petitioner is no longer in custody, and the Court dismisses his Petition as moot. See Munaf v. Geren, 553 U.S. 674, 685 (2008) (citing 28 U.S.C. §§ 2241(c)(1), (3)) ("The habeas statute provides that a federal district court may entertain a habeas application by a person held 'in custody under or by color of the authority of the United States,' or 'in custody in violation of the Constitution or laws or treaties of the United States.'").

Accordingly, it is **HEREBY ORDERED** that Respondents First Motion to Dismiss is **GRANTED** and Petitioner Nathanael Alexis Quezada Regalado's Petition for a Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE**.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.